# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00483-CR

**Lewis Robert Come, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF CALDWELL COUNTY, 274TH JUDICIAL DISTRICT
NO. 98-200, HONORABLE JACK H. ROBISON, JUDGE PRESIDING**

A jury found appellant Lewis Robert Come guilty of three counts of aggravated sexual assault of a child and assessed punishment for each at imprisonment for ninety-nine years and a $10,000 fine. *See* Tex. Pen. Code Ann. ' 22.021 (West Supp. 2002). The jury also found appellant guilty of four counts of attempted aggravated sexual assault of a child for which it assessed punishment at imprisonment for twenty years and a $10,000 fine. *See id.* ' 15.01 (West 1994). Appellant contends the evidence is legally insufficient to sustain his convictions on two of the attempt counts and that the district court erroneously admitted certain evidence during the punishment phase of trial. We will affirm the convictions.

*Sufficiency of Evidence*

The complaining witnesses were three boys who lived near appellant.[1] They often went to appellant=s residence to play games on his computer. Appellant also arranged for the boys to go flying with a friend who was a pilot. On the boys= visits, appellant showed them pornographic material depicting both heterosexual and homosexual acts. During a search of appellant=s residence following his arrest, police found sixty-five pornographic videotapes, twenty-seven pornographic magazines, and six pornographic CD-roms. Two of these magazines and one of the videotapes were introduced in evidence at the guilt phase.

CW1, who was ten years old, testified that appellant often hugged and kissed him and told the boy he loved him. Appellant placed CW1=s penis in his mouth on three different occasions and twice attempted to place his penis in CW1=s anus without success.

CW2, who was thirteen years old, testified that on one of his visits to appellant=s house, appellant put his arm around CW2=s shoulders and asked if he Acould give me a blow job.@[2] CW2 refused and left the house. CW2 saw appellant fellate CW1, and also witnessed one of appellant=s attempts to engage in anal intercourse with CW1.

---

[1] We will refer to the three complainants as CW1, CW2, and CW3.

[2] The evidence shows that appellant and the complainants understood Ablow job@ to mean fellatio.

2

CW3, who was eleven years old, testified that appellant walked up behind him one day, rubbed CW3=s buttocks with his hand, and whispered something to him. CW3 did not understand everything appellant said, but did hear the word Apenis.@ CW2, who witnessed this incident, testified that appellant asked CW3 if he Acould give him a blow job.@ CW3 also saw appellant fellate CW1. CW3 further testified that he saw appellant, during a typed conversation in an internet chat room, tell someone AI love little boys.@

A fourth boy, thirteen years old, testified that he went to appellant=s residence once with the three complaining witnesses. He saw the pornographic materials and witnessed the incident with CW3. The boy reported what he had seen to his parents.

Appellant=s conduct with CW1 was the basis for the three aggravated sexual assault counts and two of the attempted aggravated sexual assault counts. *See id*. ' 15.01(a) (West 1994), ' 22.021(a)(1)(B)(i) & (iii), (2)(B) (West Supp. 2002). Appellant does not challenge the sufficiency of the evidence as to these counts. In two points of error, appellant contends the evidence is legally insufficient to support a finding that he attempted to sexually assault CW2 and CW3.

In determining the legal sufficiency of the evidence to support a criminal conviction, the question is whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981). A person commits a criminal attempt if, with the specific intent to commit an offense, he does an act

amounting to more than mere preparation that tends but fails to effect the commission of the offense intended. Pen. Code ' 15.01(a).

Appellant does not deny that he was shown to have had the requisite specific intent to engage in a prohibited sexual act with CW2 and CW3, but argues that the conduct proved did not exceed mere preparation to commit or solicitation of the intended offense. Appellant argues that by placing his arm around CW2=s shoulders and asking him to submit to fellatio, he was guilty of no more than attempting to induce CW2 to engage in the proscribed sexual conduct. *See* Tex. Pen. Code Ann. ' 15.03 (West 1994) (criminal solicitation). Similarly, appellant argues that his conduct toward CW3, rubbing the boy=s buttocks and asking him to submit to fellatio, amounted to no more than mere preparation or solicitation of the offense.[3]

In order to be guilty of criminal attempt, it is not necessary that the accused commit every act short of actual commission of the intended offense. *Gibbons v. State*, 634 S.W.2d 700, 706 (Tex. Crim. App. 1982). There is necessarily a gray area between conduct that is clearly no more than mere preparation and conduct that constitutes the last proximate act prior to actual commission of the offense. *See McCravy v. State*, 642 S.W.2d 450, 460 (Tex. Crim. App. 1982) (op. on reh=g). Whether conduct falling in that gray area amounts to more than mere preparation must be determined on a case-by-case basis. *Gibbons*, 634 S.W.2d at 707.

---

[3] Viewing the evidence in the light most favorable to the verdict, we accept as true CW2=s testimony that he heard appellant ask CW3 if appellant might give him a blow job.

The record shows that appellant was engaged in a continuing scheme by which he lured young boys to his residence and, once they were there, sought to arouse them sexually and reduce their fears and inhibitions by showing them pornography, with the ultimate goal being to seduce the boys into submitting to appellant=s sexual advances.  Given the nature of appellant=s scheme, his conduct with CW2 and with CW3, if not the last proximate act, was the penultimate act prior to commission of the intended offenses.  All that remained was for the boys to agree to appellant=s request that they submit to fellatio.  Under these circumstances, we hold that the conduct proved amounted to more than mere preparation and is legally sufficient to sustain the convictions for attempted aggravated sexual assault.  Points of error one and two are overruled.

### *Punishment Exhibits*

Appellant=s remaining points of error concern exhibits introduced in evidence  at the punishment phase of trial.  To put these points in context, it should be noted that the State=s punishment exhibits consisted primarily of the contents of a cardboard box and two satchels found in appellant=s residence.  The box and satchels contained hundreds of photographs of the casual, snapshot variety.  Over half of the photographs were of boys, while the remainder were of men, women, girls, animals, plants, and various objects such as automobiles and airplanes.  Some of the photographs pictured single individuals, others showed groups of persons.  Some were taken indoors, others outdoors at various locations, including yards, a beach, and a zoo.  All of the persons shown in the photographs were clothed, albeit sometimes only in shorts, and were engaged in a variety of activities.  None of the photographs were of an

5

obviously sexual nature.  Only one person shown in the photographs, the pilot friend of appellant previously

mentioned, was identified.  Appellant does not challenge the admission of these photographs.

### *Conference brochure*

Appellant first contends the court erred by admitting exhibits 35B and 35C.  Exhibit 35B

was a brochure or folder found among the photographs in one of the satchels.  On the first page of the

brochure is a photograph of a preadolescent boy wearing shorts and shoes, but no shirt.  The boy is

standing with his legs apart and his arms extended to the side.  Printed above the photograph are the words

AThank you for registering for the 1996 annual conference!@ The nature of the conference and the name of

the sponsoring organization are not stated.  Words printed below the photograph indicate that the

conference was to be held October 11 to 14 in Hayward, California.  On the second page is a listing of

hotels and motels.  On the third page, the reader is given a telephone number to call upon arrival Afor the

exact location of the conference meeting place.@ The brochure states, AFor security, and the enjoyment of

all attendees, location information will not be given out before 3pm Friday.@ Page four of the brochure is a

map of the Hayward area.  Handwritten notes appear on this page, including a telephone number and an

address.  Exhibit 35C was found with exhibit 35B.  It is a printed floor plan for a Hayward motel with

another map of Hayward on the back.

Appellant urges that exhibits 35B and 35C were irrelevant.  Tex. R. Evid. 401.  At the

punishment stage of a noncapital prosecution, evidence may be offered by either party Aas to any matter the

court deems relevant to sentencing,@ including but not limited to the defendant=s prior criminal record, his

reputation and character, the circumstances of the offense, and extraneous crimes and bad acts shown

**6**

beyond a reasonable doubt to have been committed by the defendant. Tex. Code Crim. Proc. Ann. art. 37.07, ' 3(a)(1) (West Supp. 2002). Because, as a general rule, there are no discrete factual issues at the punishment stage, the admissibility of evidence is a function of policy rather than logical relevance. *Mendiola v. State*, 21 S.W.3d 282, 285 (Tex. Crim. App. 2000) (quoting *Miller-El v. State*, 782 S.W.2d 892, 895-96 (Tex. Crim. App. 1990)). Determining what is relevant should be a question of what is helpful to the jury in deciding the appropriate sentence for a particular defendant in a particular case. *Id*. (quoting *Rogers v. State*, 991 S.W.2d 263, 265 (Tex. Crim. App. 1999)).

Appellant argues that the conference brochure and hotel information were irrelevant to sentencing in this case because there was no evidence regarding the name of the conference, its nature and subject matter, or the sponsoring group. He also argues that there was no evidence that appellant attended the conference. The State responds that the nature of the event can be inferred from the picture of the boy and from the fact that the name, exact location, and sponsoring organization of the conference were not disclosed in the registration material. The State argues that appellant=s attendance at the conference was shown by the handwritten notations on the brochure and by correspondence found in appellant=s possession that referred to an upcoming trip to San Francisco.[4]

---

[4] Hayward is in the San Francisco Bay area.

7

It is unusual that a document acknowledging registration for a conference would not mention the name, subject matter, or sponsor of the conference. It is even more unusual that, for the Asecurity@ and Aenjoyment@ of the attendees, the conference meeting place would not be disclosed until three hours before the conference was to begin. In light of the evidence adduced at the guilt stage, this unusual secrecy and the photograph of the young boy on the brochure support an inference that the conference was intended for persons with a sexual interest in boys. While it is true that the evidence of appellant=s attendance at the conference was weak,[5] appellant=s possession of the brochure is some evidence that he attended the conference or contemplated attendance. Furthermore, it is significant in itself that appellant would have kept this brochure one-and-a-half years after the conference was held. The district court did not abuse its discretion by determining that appellant=s involvement with or interest in an organization apparently concerning itself with sexual activities with boys was a Acircumstance of the offender@ that would be helpful to the jury in determining the appropriate sentence in this case. *See Murphy v. State*, 777 S.W.2d 44, 63 (Tex. Crim. App. 1989) (op. on reh=g) (evidence relevant to sentencing includes circumstances of offense and circumstances of offender).

Appellant further argues that the admission of the brochure violated his First Amendment rights. U.S. Const. amend. I.; *see Dawson v. Delaware*, 503 U.S. 159, 168 (1992) (First Amendment prevents state from employing evidence of defendant=s abstract beliefs at sentencing proceeding when those beliefs have no bearing on issue being tried); *Shelton v. State*, 41 S.W.3d 208, 217-18 (Tex.

---

[5] The handwriting on the brochure was not identified, and the correspondence referred to by the State was neither dated nor addressed to appellant.

App.C Austin 2001, pet. ref=d) (error to admit evidence of defendant=s membership in racist organization without showing that membership was tied to crime committed). Appellant did not make this argument below and therefore did not preserve it for appeal. Tex. R. App. P. 33.1(a)(1). Point of error three is overruled.

### *Sexual devices*

Two objects found during the search of appellant=s residence were also admitted at the punishment stage. Exhibit 35D, referred to as a ADizzy-Doodley@ or ADizzy-Doodler,@ was a multi-colored, corkscrew-shaped device with a clown=s head on top. It was battery-powered and vibrated. The parties debated whether the object was a child=s toy, as urged by the defense, or a sexual device, as suggested by the State. The ADizzy-Doodler@ was found in the same satchel that contained the conference brochure previously discussed. Exhibit 36 was a rubber dildo found in appellant=s bathroom. It was undisputed that this exhibit was a sexual device. The district court admitted both exhibits over appellant=s relevance objections.

Testimony that appellant possessed a dildo was admitted without objection at the guilt stage of trial. In any event, we hold that the district court did not abuse its discretion by concluding that appellant=s possession of exhibit 36 was a circumstance relevant to deciding the appropriate sentence in a case in which appellant was shown to have twice attempted anal intercourse with a child. Point of error five is overruled.

We conclude that the admission of exhibit 35D, the ADizzy-Doodler,@ was an abuse of discretion. As appellant correctly points out, there was no evidence that this object was a sexual device. In

fact, the district court noted before admitting the exhibit in evidence that it Acould be an ink pen, which is kind of what it looks like it might=ve been to me.@ While it is possible that the ADizzy-Doodler@ could have been used in some manner for sexual stimulation, there was no evidence that it was so used. Under the circumstances, appellant=s possession of exhibit 35D was not shown to be relevant to sentencing as either a circumstance of the offense or a circumstance of the offender.

The error, however, was harmless. Tex. R. App. P. 44.2(b). The jury heard testimony at the guilt stage regarding appellant=s self-confessed Alove@ of little boys and describing his attempts to lure young boys into committing sexual acts with him. The jury was shown examples of the pornographic materials appellant employed in his scheme. The jury learned that appellant succeeded in seducing one of the complainants and that appellant allowed the other complainants to watch as he committed sexual acts with the boy. In his arguments to the jury at the punishment stage, the prosecutor did not mention the ADizzy-Doodler@ or any of the other punishment exhibits. Instead, he reminded the jurors of the guilt stage evidence and urged them to impose the maximum prison terms for each count.[6] Despite appellant=s lack of a previous criminal record, the jury did just that. Considering the record as a whole, we have a fair assurance that the punishment assessed reflected the jury=s revulsion regarding appellant=s conduct and that the erroneous admission of exhibit 35D had little or no effect on the jury=s punishment determination.[7] *See*

---

[6] The tone of the prosecutor=s argument is shown by this excerpt: AIf you are tempted, Ladies and Gentlemen, to even consider probation or a light prison sentence, remember [CW1] bent over the chair with the Defendant in the rear, and then ask yourself, >What shall I do?=@

[7] For the same reasons, we would also find that the admission of exhibits 35B, 35C, and 36, if error, was harmless.

**10**

*Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).  Point of error four does not present reversible error and is overruled.

The judgment of conviction is affirmed.

_____

David Puryear, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear

Affirmed

Filed:   April 25, 2002

Publish