

# IN THE
# TENTH COURT OF APPEALS

### No. 10-09-00293-CV

## IN THE MATTER OF V.R., A JUVENILE

**From the 272nd District Court
Brazos County, Texas
Trial Court No. 103-J-09**

## MEMORANDUM  OPINION

V.R., a juvenile, appeals the finding by the trial court that he engaged in delinquent conduct by committing the offense of attempted aggravated assault with a deadly weapon.  *See* TEX. PEN. CODE ANN. §§15.02, 22.01 & 22.02 (Vernon 2005).  V.R. complains that the evidence was both legally and factually insufficient for the trial court to have found that the act of picking up a knife was more than "mere preparation."  *See* TEX. PEN. CODE ANN. § 15.02.  He further complains that the evidence was legally and factually insufficient for the trial court to have found that the offense, if any, was not justified as self-defense.  *See* TEX. PEN. CODE ANN. § 9.04 (Vernon 2005).  Because we find that the evidence was legally and factually sufficient, we affirm the judgment of the trial court.

*Standard of Review*

Juvenile cases require appellate courts to apply the criminal standard of legal and factual sufficiency review. *In re C.P.*, 998 S.W.2d 703, 708 (Tex. App.—Waco 1999, no pet.). In evaluating the legal sufficiency of the evidence in a juvenile delinquency appeal, we view all the evidence in the light most favorable to the verdict and ask whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See In re K.B.*, 143 S.W.3d 194, 199 (Tex. App.—Waco 2004, no pet.); *see also Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). "This 'familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" *Klein v. State*, 273 S.W.3d 297, 302 (Tex. Crim. App. 2008) (*quoting Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979)).

In evaluating the factual sufficiency of the evidence, we ask whether a neutral review of all the evidence, though legally sufficient, demonstrates either that the proof of guilt is so weak or that conflicting evidence is so strong as to render the fact-finder's verdict clearly wrong and manifestly unjust. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006). *See In re S.S.*, 167 S.W.3d 108, 112-13 (Tex. App.—Waco 2005, no pet.).

*Criminal Attempt*

V.R. contends that the evidence was both legally and factually insufficient for the trial court to have found that the act of picking up a knife went beyond mere

preparation as required by the attempt statute.  *See* TEX. PEN. CODE ANN. §15.01 (Vernon 2005).  The relevant portion of section 15.01 states that:  "(a)  A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended."  TEX. PEN. CODE ANN. § 15.01(a) (Vernon 2005).

Section 22.02(a)(2) of the Penal Code states in relevant part that:  "(a)  A person commits an offense if the person commits assault as defined in §22.01 and the person: (2) uses or exhibits a deadly weapon during the commission of the assault."  TEX. PEN. CODE ANN. §22.02(a)(2) (Vernon 2005).

The charging paragraph of the State's petition alleged that:

> On or about March 11, 2009, in Brazos County, Texas, the said child violated a penal law of this State punishable by imprisonment or confinement in jail to wit:  Section 15.01 of the Penal Code, in that the said child did, then and there, with specific intent to commit the offense of Aggravated Assault, do an act, to wit:  pick up a knife, which amounted to more than mere preparation that tended but failed to effect the commission of the offense intended.

The question then becomes what constitutes an act that is "more than mere preparation" in accordance with the criminal attempt statute.  The law of criminal attempt does not require that every act short of actual commission of the offense be accomplished.  *Santellan v. State*, 939 S.W.2d 155, 163 (Tex. Crim. App. 1997).  There is necessarily a gray area between conduct that is clearly no more than mere preparation and conduct that constitutes the last proximate act prior to actual commission of the offense.  *Come v. State*, 82 S.W.3d 486, 489 (Tex. App.—Austin 2002, no pet.) (*citing McCravy v. State*, 642 S.W.2d 450, 460 (Tex. Crim. App. 1982) (op. on reh'g)).  Whether

conduct falling in that gray area amounts to more than mere preparation must be determined on a case-by-case basis. *Id*. (*citing Gibbons v. State*, 634 S.W.2d 700, 707 (Tex. Crim. App. [Panel Op.] 1982)).

The Court of Criminal Appeals has stated that "[w]hile simple acquisition and possession of a weapon would, in most situations, be preparation, putting that weapon to use to inflict injuries clearly goes beyond preparation." *Hart v. State*, 581 S.W.2d 675, 678 (Tex. Crim. App. 1979). "Use" of a deadly weapon means that a deadly weapon must be "utilized, employed, or applied in order to achieve its intended result," the result being "the commission of a felony offense or during immediate flight therefrom." *Coleman v. State*, 145 S.W.3d 649, 652 (Tex. Crim. App. 2004) (*quoting Patterson v. State*, 769 S.W.2d 938, 941 (Tex. Crim. App. 1989)). "Use" could mean "any employment of a deadly weapon, even simple possession, if such possession facilitates the associated felony." *Id*. To "exhibit" a weapon, however, requires a weapon to be "consciously shown, displayed, or presented to be viewed." *Id*.

*The Facts*

V.R., his mother, and his infant brother were in the process of moving to another residence. V.R.'s mother, who was ill at the time, had enlisted her boyfriend, Marks, to help with the move. Marks attempted to get V.R. to help move items out of the apartment. V.R. refused and got angry with Marks. He left the apartment for a short time but returned. V.R. still refused to help Marks. It is disputed as to whether Marks got angry with V.R. during this time and whether he was the instigator of the verbal altercation.

During the altercation, V.R. made threats to Marks that he was going to "f*** you up" and "kill you." At some point during this time, Marks observed V.R. taking a long knife from the apartment. V.R. carried the knife downstairs and put it in the trunk of his mother's vehicle. He did not make threats or brandish the weapon during this time. Eventually, the altercation continued downstairs around the vehicles belonging to V.R.'s mother and Marks. V.R.'s mother got V.R. into her car and attempted to hold him in there with her body because he was very upset and yelling that he was going to "f*** him up." V.R.'s mother asked Marks to call the police. However, V.R. pushed his way out of the car, and he and his mother fell to the ground.

V.R. got up, went to the driver's side of the car and popped open the trunk, went over to the trunk and opened it, and picked up the knife. V.R.'s mother came over and hit V.R.'s arm, causing him to drop the knife. V.R. heard sirens and ran away. V.R.'s mother testified that the knife was not visible to Marks and was never more than several inches off of the floor of the trunk. Marks testified that he never saw the knife and was not in fear of injury from V.R. At the time that V.R. picked up the knife, Marks was a short distance away next to his vehicle.

An officer responded to a call that a younger Hispanic male was threatening to kill someone with a knife. She met with V.R.'s mother and Marks, who relayed to her that V.R. had been yelling threats at Marks. Neither party informed the officer that V.R. was acting in self-defense or that Marks was verbally aggressive toward V.R. that day. Marks and V.R.'s mother did not want charges pressed against V.R. for the incidents

that day.  Marks was subpoenaed to attend the trial, but still did not want V.R. prosecuted for the offense.

*Application*

Viewing the evidence in a light most favorable to the judgment and in a neutral light, we find that the evidence was legally and factually sufficient for the trial court to determine that picking up the knife constituted more than mere preparation for V.R. to commit the offense of aggravated assault by threat.  Relevant to this determination are the facts that (1) earlier Marks had observed V.R. put the knife in the trunk; (2) immediately prior to picking up the knife, V.R. was out of control, yelling and physically shoving his mother out of the way in order to force his way out of her vehicle; (3) a report was made to the police that a threat to kill a person with a knife had been made by a young Hispanic male; and (4) V.R.'s acts in first going to open the trunk from the inside of the car and proceeding to the trunk and reaching in to pick up the knife that Marks already knew was in the trunk.  Neither Marks nor V.R.'s mother wanted to pursue charges against V.R.  The trial court, as the fact-finder, was free to believe or disbelieve any or all of the testimony of the witnesses.  *See Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008).  Due deference must be given to the fact-finder's determinations concerning the weight and credibility of the evidence, and reversal of those determinations is appropriate only to prevent the occurrence of a manifest injustice, which is not present here.  *Martinez v. State*, 129 S.W.3d 101, 106 (Tex. Crim. App. 2004).  We overrule issue one.

*Self-Defense*

V.R. complains that the evidence was legally and factually insufficient for the trial court not to have found that the offense, if any, was justified as self-defense. It was V.R.'s burden to produce some evidence in support of a claim of self-defense. *Saxton v. State*, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991). If V.R. produces such evidence, then the burden falls upon the State to disprove the raised defense. *Id*. at 913-14. The State's burden of persuasion is not one that requires the production of evidence; rather, it requires only that the State prove its case beyond a reasonable doubt. *Id*. at 913. The issue of self-defense is a fact issue for the fact-finder and the trial court's finding of "true" is an implicit finding rejecting V.R.'s self-defense theory. *See Id.* at 913-14.

When reviewing a legal sufficiency challenge on the issue of self-defense, a reviewing court views the evidence in the light most favorable to the verdict to see if any rational trier of fact could have found (1) the essential elements of the charged offense beyond a reasonable doubt, and (2) against V.R. on the self-defense issue beyond a reasonable doubt. *See Saxton*, 804 S.W.2d at 914. When evaluating a challenge to the factual sufficiency of the evidence supporting the fact-finder's rejection of a claim of self-defense, we review all of the evidence in a neutral light. *Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003).

We have already determined that the evidence was legally and factually sufficient for the trial court to have found the essential elements of the charged offense beyond a reasonable doubt. V.R. contends that he was afraid of Marks because he had a violent history and that Marks was provoking him by telling him to "do something."

He further contends that he was upset and trying to get away from Marks. Marks, however, denied any provocative or aggressive behavior toward V.R. Additionally, at the time that V.R. got out of the car to get into the trunk, neither V.R. nor his mother knew exactly where Marks was. There was no evidence that Marks was making threats or acting aggressively at that time, and he was next to his vehicle when V.R. picked up the knife. V.R.'s mother asked Marks to call the police because V.R. was "a little bit out of control." Using the appropriate standards for legal and factual sufficiency, we find that the evidence was legally and factually sufficient to reject V.R.'s self-defense theory. We overrule issue two.

*Conclusion*

We find that the evidence was legally and factually sufficient for the trial court to have found that V.R. engaged in delinquent conduct by committing the offense of attempted aggravated assault and in impliedly rejecting V.R.'s theory of self-defense. We affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
Affirmed
Opinion delivered and filed March 10, 2010
[CV06]