**AFFIRMED as MODIFIED and Opinion Filed March 18, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-22-01222-CR

**WESTLEY RB LOPEZ, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F20-00125-N**

## MEMORANDUM OPINION
Before Justices Carlyle, Goldstein, and Breedlove
Opinion by Justice Goldstein

Westley RB Lopez appeals the trial court's judgment convicting him of sexual assault of a child younger than six years of age. A jury found appellant guilty and assessed his punishment at twenty-five years' imprisonment. Appellant raises one issue on appeal and argues the State made two improper arguments during the guilt phase of the trial. Appellant did not preserve for review his challenge to the State's first statement because he failed to obtain an adverse ruling to the statement. As to the State's second statement, it was a proper response to defense counsel's closing argument.

The State raises one cross-point on appeal claiming the judgment should be modified to correct multiple clerical errors and to include statutorily required information. We overrule appellant's issue, sustain the State's cross-point, modify the judgment as requested by the State, and affirm the judgment as modified.

## I.    Background

In 2019, nine-year-old S.G.[1] was having behavioral problems in school. When S.G.'s mother asked S.G. what was wrong, S.G. expressed that she was angry at her biological father because he had not been present in her life. During this discussion, S.G. relayed to Mother that she did not like appellant, Mother's former boyfriend, because he "would put his privates" in her mouth. Mother dated appellant for two or three years, and Mother and S.G. lived with appellant during a portion of those years. Mother and S.G. had not lived with appellant since 2014.

S.G. told Mother she did not tell her of the abuse sooner because she was scared appellant would "find her and hurt her," and "break her arm, or break her leg." S.G. also expressed that she was afraid appellant would hurt Mother.

The day after S.G. made her outcry, Mother took S.G. to the police station and reported the abuse. Besides speaking to a sergeant at the police station, S.G.

---

[1]We use a pseudonym to refer to the complainant. *See* TEX. R. APP. P. 9.10(a)(3); *McClendon v. State*, 643 S.W.2d 936, 936 n.1 (Tex. Crim. App. [Panel Op.] 1982).

S.G. was nine years' old when she made her outcry to her mother and thirteen-years' old at the time of trial.

underwent a forensic interview at the Dallas Children's Advocacy Center. S.G. subsequently received therapy from the Center.

The experts who investigated S.G.'s allegations and the experts who subsequently treated S.G. provided the jury, based upon their knowledge, skill and experience indicia of credibility as to behavioral traits, age-appropriate language and red flags when assessing whether S.G. was credible or coached a forensic interviewer at the Advocacy Center testified the narrative and sensory details S.G. provided during her interview were consistent with those of a child who had been assaulted. Additionally, the detective assigned to the case testified he found S.G.'s narrative of the sexual assaults "consistent." Finally, the director of the Center who treated S.G. for trauma symptoms related to the sexual abuse testified S.G.'s symptoms were consistent with someone who experienced childhood sexual assault.

During her testimony, S.G. was asked questions about knowing the difference between the truth and a lie. S.G. confirmed that she understood the difference and stated the number one rule when testifying was to "always tell the truth." Additionally, during her testimony, the jury heard S.G. describe sensory details related to appellant's assault of her such as feeling a " cylinder with a triangle on it" enter her mouth, the feeling of appellant's penis "going in and out" of her mouth, and the feeling of "something warm in [her] mouth" that "tasted like pee."

Appellant testified he did not sexually assault S.G. The jury, however, found appellant guilty of aggravated sexual assault of a child younger than six years' old and assessed his punishment and twenty-five years' imprisonment.

## II. Standard of Review and Applicable Law

We review a trial court's ruling on an objection to improper jury argument under an abuse of discretion standard. *Garcia v. State*, 126 S.W.3d 921, 924 (Tex. Crim. App. 2004). Even if improper, the argument does not constitute reversible error unless, in light of the entire record, the argument is extreme or improper, violates a mandatory statute, or injects harmful new facts about the accused into the trial proceeding. *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000) (stating "[t]he remarks must have been a willful and calculated effort on the part of the State to deprive appellant of a fair and impartial trial").

Proper jury arguments generally fall within one of four areas: (1) summation of the evidence, (2) reasonable deduction from the evidence, (3) answer to opposing counsel's argument, and (4) plea for law enforcement. *Freeman v. State*, 340 S.W.3d 717, 727 (Tex. Crim. App. 2011). When examining a challenge to the prosecutor's jury argument, we must consider the offensive remark in the context in which it appears. *Jackson v. State*, 17 S.W.3d 664, 675 (Tex. Crim. App. 2000).

## III.  Discussion

Appellant contends the prosecutor made improper jury arguments "by equating an acquittal with calling the complaining witness a liar." Appellant's complaint concerns the following two arguments:

> [THE STATE]: The last - - ladies and gentlemen, in order to acquit this defendant, in order to find him "not guilty," you are going to have to then say that [S.G.] is a liar.
>
> [MR. BARRETT]: Objection, Your Honor.
>
> THE COURT: Sustained.
>
> [MR. BARRETT]: That's lowering the burden of proof.
>
> THE COURT: Sustained.
>
> [MR. BARRETT]: I would ask that the jury be instructed to dis - -
>
> THE COURT: The jury will disregard the last comment of counsel. And Counsel, you have two minutes.
>
> [THE STATE]: To find him "not guilty," you have to not believe [S.G.'s] testimony.
>
> [MR. BARRETT]: We'll object, again, Judge. It's the same objection. It's lowering the burden of proof to less than beyond a reasonable doubt.
>
> THE COURT: Overruled.

As reflected above, appellant objected to the State's argument, "in order to acquit this defendant, in order to find him 'not guilty' you are going to have to then say that [S.G.] is a liar." The trial court sustained the objection and then, upon appellant's request, instructed the jury to disregard the prosecutor's argument. Appellant,

however, failed to move for a mistrial. Thus, appellant forfeited his right to raise this issue on appeal.

To preserve jury argument error for appellate review, a litigant must first object to the offensive argument, then request an instruction to disregard, and finally move for a mistrial. *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). The obligation to obtain a ruling on all three is relieved only if the appellant obtains an adverse ruling to the first or second requests. *See id*.

Here, the trial court sustained appellant's objection to the State's argument and then granted appellant's request to instruct the jury to disregard the State's argument. But appellant failed to move for a mistrial. Consequently, appellant did not obtain an adverse ruling. Appellant forfeited his right to complain about this part of the State's argument.[2] *See Hernandez v. State,* 538 S.W.3d 619, 622 (Tex. Crim. App. 2018) (holding that in order to claim on appeal that an instruction to disregard was inadequate to cure erroneous jury argument, the defendant must object and pursue his objection to an adverse ruling); *Estrada v. State*, 313 S.W.3d 274, 303 (Tex. Crim. App. 2010) (holding that even assuming the prosecutor's argument was so egregious that an instruction to disregard would be ineffectual, the defendant

---

[2]In *Marin v. State*, the Court of Criminal Appeals discussed the three types of "rights" in our legal system: (1) absolute requirements and prohibitions that are not waivable (e.g., that the case be tried by a court with jurisdiction); (2) rights of litigants that must be implemented unless expressly waived (e.g., the right to a jury trial); and (3) rights that are implemented on request only (*e.g.*, objections to testimony or evidence). 851 S.W.2d 275, 279 (Tex. Crim. App. 1993). The right of the defendant not to be subjected to improper jury argument falls under the third category of rights. *Cockrell,* 933 S.W.2d at 89.

"should have moved for a mistrial to preserve this error."). Appellant failed to preserve his complaint for review as to the State's first argument.

Next, appellant argues the trial court abused its discretion by overruling his objection to the State's argument, "[t]o find him 'not guilty,' you have to not believe [S.G.'s] testimony." The State, however, argues the prosecutor's argument was invited by and in response to defense counsel's attack on S.G.'s credibility during his argument. We agree.

The Court of Criminal Appeals has made it clear that a response to the argument of opposing counsel is an appropriate category of argument. *Albiar v. State*, 739 S.W.2d 360, 362 (Tex. Crim. App. 1987). Moreover, it is well settled that a prosecutor may answer jury argument by opposing counsel so long as the response does not exceed the scope of the invitation. *Johnson v. State*, 611 S.W.2d 649, 650 (Tex. Crim. App. 1981); *Sanders v. State*, 191 S.W.3d 272, 275 (Tex. App.—Waco 2006, pet. ref'd); *Lange v. State*, 57 S.W.3d 458, 467 (Tex. App.–Amarillo 2001, pet. ref'd); *McDuffie v. State*, 854 S.W.2d 195, 217 (Tex. App.—Beaumont 1993, pet. ref'd); *Bailey v. State*, 804 S.W.2d 226, 229 (Tex. App.—Amarillo 1991, no pet).

The Waco Court of Appeals addressed a similar complaint in *Sanders v. State,* a case in which the appellant was convicted of sexual assault of a child under the age of fourteen. 191 S.W.3d at 272. In *Sanders*, the prosecutor initially argued: "If you want to find [Sanders] not guilty, you need to be prepared to tell that girl to her face

–7–

you believe her to be a liar." *Id.* at 275. Sanders objected to the argument as outside the record, and the trial court sustained the objection and instructed the jury to disregard it. *Id.* The prosecutor then argued:

> If you find this gentleman not guilty, then you are saying that [C.] is a liar, and that is not the case. Not guilty would mean that [C.] has lied to you, and that is not what the evidence shows in this case.

*Id.*

The trial court overruled Sander's objection to this argument. On appeal, Sanders claimed the jury argument was improper. *Id.* The Court of Appeals, however, held the prosecutor's argument was a reasonable deduction from the evidence on the issue of the child's credibility. *Id.* Moreover, the Court of Appeals held that the prosecutor's argument was a proper response to the defense counsel's arguments attacking the child victim's credibility, which was the appellant's primary defense. *Id.*

Here, defense counsel's attack on S.G.'s credibility and his suggestion that she had been manipulated into accusing appellant of sexually assaulting her is very similar to the situation in *Sanders*. In this regard, we note that prior to the challenged argument, defense counsel argued this case was about his credibility versus S.G.'s credibility. Defense counsel claimed that because S.G.'s outcry was delayed, S.G. was not credible. Specifically, defense counsel argued "[a]nd that's why you're on this jury. That a word of a 13-year-old about something that supposedly happened

–8–

when she was four years old, that's what this case comes down to." Additionally, defense counsel argued:

> When it comes down to where it's [S.G.'s testimony] versus the testimony of the defendant, all a defendant can do in these cases is say, "I didn't do it." That's all he can do. My client, Westley Lopez, got up on the stand and he said, "I didn't do it." [I] don't know what else you can do in a case like this[.]

Defense counsel attacked S.G.'s credibility again when he argued the jurors should not be persuaded by S.G. "a child, who gets up on the witness stand - - nine years after [appellant] supposedly molested her - - and says, Well wait a second. Nine years ago, when I was four years old, the defendant put his penis in my mouth multiple times."

Further, defense counsel argued S.G.'s mother, as well as the sexual-assault experts who examined S.G., pressured or manipulated S.G. into believing appellant sexually abused and threatened her. Defense counsel asserted Mother pressured S.G. into claiming appellant sexually abused her because she hated appellant. Defense counsel then argued "everybody in this case" assumed S.G. was telling the truth and that those beliefs reinforced S.G.'s belief that appellant sexually abused her.

Here, as in *Sanders*, the prosecutor in this case was entitled to reply to defense counsel's arguments attacking S.G.'s credibility—which was the focus of defense counsel's argument. As a response to the defense's argument, the prosecutor's rebuttal was proper. *See id.*, *see also Stewart v. State*, No. 05–02–01005–CR, 2003 WL 1735150, at *5 (Tex. App.—Dallas 2003, pet. ref'd) (holding prosecutor did not

make improper argument in trial for aggravated sexual assault of a child, by asking the jury to question why the defendant had not called anyone to testify the victim was untruthful if her story, according to him, was not true; the complained-of statements were specific responses to defense counsel's arguments as to victim's credibility); *Lange*, 57 S.W.3d at 469 (holding prosecutor's argument was invited due to defense counsel's attack on the victim's credibility and attempt to show inconsistencies in the victim's story and the defense counsel's suggestion that the victim had been manipulated by others into bringing the allegations); *McDuffie*, 854 S.W.2d at 217 (holding if defense counsel attacks a witness's credibility, it is permissible for the prosecutor to "stick up" for its witness in answer to the defense argument); *Bailey*, 804 S.W.2d at 229 (holding the prosecutor was entitled to reply to defense counsel's argument that the child was improperly coached; thus, the reply argument was within permissible bounds).

We overrule appellant's issue.

## IV. The State's Cross-Point

The State asserts a cross-point and requests modification of the judgment to correct multiple clerical errors and to include statutorily required information. The State requests we modify the judgment to reflect the following: (1) the complete statutory citation for the offense of aggravated sexual assault of a child younger than six years of age, (2) that appellant pled not guilty to the offense, (3) that appellant is required to register as a sex offender and also include the age of the victim at the

time of the offense in accordance with Code of Criminal Procedure Chapter 62, and (4) the trial court's special finding that the victim was younger than fourteen years of age at the time of the offense.

We have the power to modify a judgment to speak the truth when we have the necessary information to do so. TEX R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) (en banc). The record supports the requested modifications and we, therefore, agree with the State that the judgment must be corrected.

The State points out the jury convicted appellant of aggravated sexual assault of a child younger than six years of age under Penal Code section 22.021 (a)(1)(B)(ii), (a)(2)(B), (f). The judgment, however, lists the statute for the offense as "22.021(a)(2)(B) Penal Code." The State asserts the statutory citation reflected in the judgment is incomplete and that the judgment should be modified to reflect Statute for Offense: 22.021(a)(1)(B)(ii), (a)(2)(B), (f). *See* TEX. PENAL CODE ANN. § 22.021. We agree and modify the judgment to include the complete statutory citation of § 22.021(a)(1)(B)(ii), (a)(2)(B), (f).

Next, the State asks us to modify the judgment to reflect that appellant pleaded not guilty. The record confirms that appellant entered a plea of not guilty. The judgment, however, reflects a guilty plea. The judgment should be modified to

–11–

reflect the truth. We, therefore, modify the "Plea to Offense" field of the trial court's judgment by replacing "GUILTY" with "NOT GUILTY."

The State also points out the sex-offender registration provision in the judgment does not reflect the sex-offender registration requirement or the age of the victim (S.G.) at the time of the offense. The offense of aggravated sexual assault of a child younger than six years of age is a reportable conviction under chapter 62 of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 62.001(5)(A). When a person has been convicted of a reportable conviction pursuant to Chapter 62, the trial court's judgment must contain the sex-offender-registration requirement and the child victim's age. *See Williams v. State*, No. 02-17-00001-CR, 2018 WL 3468458, at *4 (Tex. App.—Fort Worth July 19, 2018) (mem. op., not designated for publication), aff'd, 603 S.W.3d 439 (Tex. Crim. App. 2020). The trial court has no discretion but to include them in a judgment because the Texas Code of Criminal Procedure requires the trial court to enter these specific statements. TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1(27) (holding that "[t]he judgment shall reflect: . . . [i]n the event of conviction of an offense for which registration as a sex offender is required under Chapter 62, a statement that the registration requirement of that chapter applies to the defendant and a statement of the age of the victim of the offense."). We agree with the State and hold the judgment should be modified to add:

Defendant is required to register as a sex offender in accordance with Texas Code of Criminal Procedure, chapter 62, and the age of the victim at the time of the offense was four years' old.

Finally, the State points out the judgment is void of the required special finding pursuant to Texas Code of Criminal Procedure article 42.015 (b). Article 42.015 (b) provides:

In the trial of a sexually violent offense, as defined by Article 62.001, the judge shall make an affirmative finding of fact and enter the affirmative finding in the judgment in the case if the judge determines that the victim or intended victim was younger than 14 years of age at the time of the offense.

TEX. CODE CRIM. PROC. ANN. art. 42.015(b); *see also* TEX. CODE CRIM. PROC. ANN. art. 42.01, § 7 (requiring the judgment to "reflect affirmative findings entered pursuant to Article 42.015"). Pursuant to article 62.001, an aggravated sexual assault under Texas Penal Code section 22.021 is "a sexually violent offense" if it is "committed by a person 17 years of age or older." TEX. CODE CRIM. PROC. ANN. art. 62.001(6)(A). The record must show the defendant was over the age of seventeen when he committed the offense for this article to apply. *See Agers v. State*, Nos. 05-16-01419–23-CR, 2018 WL 494800, at *1–2 (Tex. App.—Dallas Jan. 22, 2018, no pet.) (mem. op., not designated for publication). The record in this case shows appellant was prosecuted and convicted under penal code section 22.021(a)(1)(B)(ii), (a)(2)(B), (f). Appellant was born in December 1989. Appellant sexually assaulted S.G. in April 2014 when he was over seventeen, and she was under the age of fourteen. As such, we agree with the State that the trial court was

–13–

required to enter the special finding that the victim in this case, S.G., was under the age of fourteen at the time of the offense, and that therefore the judgment should be modified to include the following special finding:

> Furthermore, the following special findings or orders apply: The Court affirmatively finds that the victim or intended victim was younger than fourteen years of age at the time of the offense.

*See Vasquez v. State*, No. 05-20-00116-CR, 2022 WL 2951667, at *8 (Tex. App.— Dallas July 26, 2022, no pet.) (mem. op., not designated for publication).

We sustain the State's cross-point.

## V. Conclusion

Having overruled appellant's issue and sustained the State's cross-point, we modify the judgment, and affirm the judgment as modified.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
221222F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WESTLEY LOPEZ, Appellant

No. 05-22-01222-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District Court, Dallas County, Texas Trial Court Cause No. F20-00125-N. Opinion delivered by Justice Goldstein. Justices Carlyle and Breedlove participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

(1)     Under "Statute for Offense:" we **REMOVE** "22.021(a)(2)(B)" and **INSERT** "22.021(a)(1)(B)(ii), (a)(2)(B), (f)" in its place;

(2)     Under "Plea to Offense:" we **REMOVE** the "GUILTY" and **INSERT** "NOT GUILTY" in its place;

(3)     In the checkbox next to the phrase "Defendant is required to register as sex offender in accordance with Chapter 62, CCP" we **INSERT** an "X";

(4)     Next to the phrase "The age of the victim at the time of the offense was" we **REMOVE** "N/A" and **INSERT** "4" in its place; and

(5)     Under "Furthermore, the following special findings or orders apply:" we **INSERT** "The Court affirmatively finds that the victim or intended victim was younger than fourteen years of age at the time of the offense."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 18th day of March, 2024.