TROY J. ADAMS V. STATE

No. 29,417. January 29, 1958.

*Burks & Brown,* Lubbock, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for drunken driving, with punishment assessed at a fine of $75 and three days in jail.

In view of the disposition made here, it is well to keep in mind that the punishment is only twenty-five dollars in excess of the minimum punishment for such offense.

Attracted by the rate of speed an automobile was being operated, about 10:30 o'clock at night, as well as the fact that it was swerving back and forth on the right-of-way across the center stripe, Chambliss and Sanders, the sheriff and deputy sheriff, respectively, of Yoakum County, overtook and stopped the automobile. Appellant was the driver thereof.

Both officers testified that appellant was under the influence of intoxicating liquor at the time, and as a result thereof was placed under arrest and carried to and placed in jail.

Officer Sanders, by his testimony, endeavored to make it clear that he arrested appellant because he was of the opinion that he was intoxicated.

Upon re-direct examination of the witness Sanders, state's counsel endeavored to get him to testify "just how drunk" appellant was at the time he was arrested. In answer the witness testified:

"Well, the man was drunk, that's * * * of course, as far as me saying just how drunk he was, I would still have to answer it just like I did before."

To that answer the appellant registered an objection, in the overruling of which the trial court said:

"Well, I don't see how he could answer that question, he wouldn't have arrested him if * * * if he hadn't *of* thought he was drunk * * * And he had to make up his opinion [sic] ]."

To that remark of the trial court appellant objected, and here insists that it constituted a comment upon the weight of the evidence and was calculated to convey to the jury his opinion in the case.

There is no question but that a trial judge cannot comment on the weight of the evidence or make any remark calculated to convey to the jury his opinion in the case. Art. 707, C.C.P.

The question here presented, then, is whether the comment by the trial court came within the inhibition of that statute.

In the first place, the trial court referred to but one matter —that being: the reason for which the officers arrested the appellant.

Officer Sanders gave as his reason for arresting the appellant his conclusion that he was intoxicated. Whether appellant was or was not intoxicated at the time was neither directly nor inferentially involved in the remark of the trial court.

There was no issue presented as to why the officers arrested the appellant. The sole issue was whether appellant was intoxicated at the time. He denied that he was, notwithstanding the fact that he admitted having drunk some beer a short time before he was arrested.

So then, giving to the remark of the trial court the most favorable construction of which it is susceptible, from appellant's standpoint, it was nothing more or less than a comment as to the reason prompting the officer to make the arrest, as to which there was no issue. The remark did not refer to whether the arrest was, in fact, justified or whether appellant was intoxicated at the time the officers stopped the car.

A comment by the trial court in violation of Art. 707, C.C.P., does not necessarily require a reversal of the conviction. In order to constitute reversible error, the remark or comment must be such as that it is reasonably calculated to prejudice the rights of the accused. Welburn v. State, 129 Texas Cr. Rep. 323, 87 S.W. 2d 259; Davis v. State, 114 Texas Cr. Rep. 72, 24 S.W. 2d 417; Huckert v. State, 159 Texas Cr. Rep. 368, 264 S.W. 2d 121.

In view of the punishment assessed in the light of the single fact issue, which was appellant's intoxication, we cannot bring ourselves to the conclusion that the remark by the trial court either aided the state or injured the appellant.

Accordingly, the judgment is affirmed.