**Andrew Lee LAYMOND, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 39539.

Court of Criminal Appeals of Texas.

April 20, 1966.

Marks, Time & Aranson, by James Keith Marks, Dallas, for appellant.

Henry Wade, Dist. Atty., James B. Zimmermann, James H. Miller and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is robbery by assault; the punishment, life.

The allegation of the indictment as to using and exhibiting a firearm was deleted and not submitted to the jury.

The state's evidence was sufficient to show that appellant entered a liquor store,

pointed a sawed-off shotgun at Leroy E. Briers, the prosecuting witness, and ordered him into the utility room, threatening to kill him; that while in such room appellant whistled and the prosecuting witness heard someone open the front door and heard the cash drawer open. The "other person" whistled and appellant said: "If you stick your head out the door I'll blow it off," and slammed the door and left. A few seconds later the prosecuting witness heard a car door slam and heard the motor start. He then went to the cash register and found that the $200 or more that was in it was gone.

Several hours later the arresting officer saw appellant get out of a yellow cab, run behind an automobile and take a sawed-off shotgun out of his trouser leg.

Appellant, testifying in his own behalf, denied that he was at the liquor store. He testified that the sawed off shotgun belonged to his brother and that he did not get out of a yellow cab. He further testified that he was at work at the Royal Crown Bottling Company at the time of the robbery.

In rebuttal, the state offered evidence to the effect that the records of said company showed that he was not one of their employees at such time.

The jury resolved the alibi issue against appellant and the evidence is sufficient to sustain the jury's verdict.

The record contains no formal bills of exception or exceptions to the court's charge submitting the defense of alibi and the law of principals.

Appellant's first contention is that the trial court commented upon the weight of the evidence during the direct examination of the prosecuting witness Briers.

The informal bill shows that after the witness had testified that appellant left him in the utility room the following occurred:

"Q. Okay. Now, when he slammed the door and left, did you hear people leaving the premises?

"A. Yes, I heard them run out the door.

"MR. MARKS: I object to that, Your Honor, as being a conclusion on the part of the witness.

"THE COURT: He can say someone ran out.

"MR. MARKS: We object to that, Your Honor, as being a comment upon the weight of the evidence and we ask for a mistrial at this time.

"THE COURT: Overruled.

"MR. MARKS: Note our exception."

We do not regard the statement of the trial judge as reasonably calculated to injure or prejudice the rights of appellant or as of such nature as to call for reversal under the facts before us. Adams v. State, 165 Tex.Cr.R. 523, 309 S.W.2d 245, and other cases listed under Art. 707 Vernon's Ann. C.C.P., Note 8.

Appellant's remaining claim for reversal relates to the cross-examination of appellant wherein he was asked: " * * * did any police officer talk to you about anything at all?" Appellant's objection: "I object to this, Your Honor, as being hearsay and a statement made while under arrest," was overruled and appellant answered: "They didn't no one talk to me."

Appellant's brief argues that the interrogation implied that someone talked to appellant regarding some other case, and implied that there were other charges or offenses.

We find no merit in this informal bill of exception.

The judgment is affirmed.