**James Richard SIKES, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 46122.**

Court of Criminal Appeals of Texas.

Oct. 17, 1973.

Rehearing Denied Nov. 14, 1973.

Robert G. Chappell, Abilene, for appellant.

Emory C. Walton, Dist. Atty., Eastland, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of robbery by assault. The jury assessed punishment at fifty years.

Appellant's brief, containing twenty-one grounds of error, was not timely filed in

2.  See White v. State, No. 47,485, October 17, 1973.

accordance with the provisions of Article 40.09, Vernon's Ann.C.C.P. However, in the interest of justice, we have examined his allegations and find only two that should be discussed. He contends that the court commented on the weight of the evidence and the court erred in overruling an objection to the argument of the prosecutor.

We affirm.

The sufficiency of the evidence is not challenged.

The indictment alleged that the appellant robbed James Rutherford. Rutherford was the president of the First State Bank of Rising Star. Thomas Jenkins and Merl Sormrude, armed with pistols, entered the bank and went to Rutherford's office. They ushered Rutherford, other officers, employees and customers into the back room where Jenkins kept guard while Sormrude went through the tellers' cages and took $9,262.00.

Johnny Williams testified that he had played in a band in which Sikes was the leader until he (Williams) went in the armed services. He related that when he received a letter from Sikes mentioning large sums of money and big plans he went "AWOL" and robbed a bank in Nashville upon the instruction of Sikes. Upon objection, this testimony was stricken. He also testified that Sikes was the leader planning the Rising Star robbery and that Patsy Legg, Mary Tomlinson, Sikes, Jenkins, Dwayne Sormrude and he were involved. He also related that they had looked at another bank before. He was then asked which one, and he said, "Gustine." The court instructed the jury not to consider the last answer. He further related that after the robbery they went to the place "we had designated to hide the car." Williams was then asked what was Patsy Legg's role. Appellant's counsel objected.

The district attorney answered counsel's objection by stating that six people had been identified as being involved and the jury was entitled to know the part each of the six played. Then the court asked, "Was she a participant in the Rising Star job?" Mr. Walton, the district attorney, without objection, replied that she was. The court then stated, "Proceed."

■ Appellant contends that the above question asked by the trial judge constitutes reversible error because it was a comment on the weight of the evidence. He argues that it implied that the trial judge accepted as true the testimony of Johnny Williams.

It is a well settled rule of this Court that there must be an objection to a comment on the weight of the evidence for it to be presented for review. Adams v. State, 165 Tex.Cr.R. 523, 309 S.W.2d 245. No objection to the question was made. An objection must be urged at the first opportunity. Satillan v. State, Tex.Cr.App., 470 S.W.2d 677. Nor does counsel attempt to show that he did not have time to object.

Only after Mr. Walton answered the court's question did counsel object. One may not allow an objectionable question to be asked and speculate as to its answer. Bell v. State, 160 Tex.Cr.R. 583, 272 S.W.2d 888; Stone v. State, 89 Tex.Cr.R. 416, 232 S.W. 818. Absent a timely objection or a showing that appellant did not have an opportunity to object at the time the evidence was offered, his ground of error must be overruled. Brazzell v. State, Tex.Cr.App., 481 S.W.2d 130; Hendrix v. State, Tex. Cr.App., 474 S.W.2d 230; Brown v. State, Tex.Cr.App., 460 S.W.2d 925; 5 Tex.Jur. 2d, Section 39, page 61.

Article 38.05, V.A.C.C.P., provides:

"In ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible; nor shall he, at any stage of the proceeding previous to the return of the verdict,

make any remark calculated to convey to the jury his opinion of the case."

The applicable rule taken from Vasquez v. State, 163 Tex.Cr.R. 16, 288 S.W.2d 100, 108, is as follows:

". . . Not every comment of the trial judge requires reversal. Whether reversal is called for depends upon the consequences which probably result therefrom. . . .

"The test is whether the remarks are upon the weight of the evidence or indicate to the jury the judge's opinion of the merits, and whether the remarks were prejudicial to the defendant's rights."

In order to constitute reversible error the question asked must be found to have been beneficial to the State or harmful to appellant. Garcia v. State, Tex.Cr.App., 427 S.W.2d 897. The question by the court was neither a comment on the weight of the evidence as to appellant's guilt nor was it an expression of an opinion by the court. Apparently it was asked for clarification so that the court could make his ruling. Whether Patsy Legg participated in the robbery was not the issue.

The issue before the court was whether or not Sikes committed the robbery. The fact that the answer of the prosecutor showed that she participated in the robbery did not hurt Sikes nor did it benefit the State. The record reflects that such testimony was repeatedly before the jury without objection before the court later had it stricken. Appellant's defense was alibi. Appellant's counsel in his argument to the jury stated that everyone there knew that the bank was robbed before the trial started and the only issue was whether or not Sikes participated in the robbery. Error, if any, was harmless.

■ Appellant also contends that the statement of the district attorney Mr. Walton: "I think old James Sikes is just as guilty as he can be . . ." constitutes reversible error. He argues that such a statement is improper because the district attorney was allowed to inject his personal opinion into his final argument.

The record shows that Mr. Walton made the statement following his summation of the evidence. He prefaced the complained of statement with the following:

"Now, one other thing, what I've said to you and what Mr. Chappel (the appellant's attorney) said to you is our *analysis*, the way we look at it. It's not testimony, it's just our position." (Emphasis supplied)

This shows that his statement was an analysis of the evidence and was a reasonable deduction therefrom.

Further, the statement complained of was followed by Mr. Walton's reason he thought Mr. Sikes was guilty, "(a)nd I'll tell you why I think that. I think we have proved that to you beyond a reasonable doubt—." Cf. Walker v. State, 105 Tex. Cr.R. 252, 288 S.W. 220, where new matters were injected in the argument.

After the objection was overruled Mr. Walton stated: "I think the evidence shows it, ladies and gentlemen . . ." There is no statement or indication that the prosecutor had other evidence that he could not get before the jury nor is there any indication to the jury that he had other matters in mind when he made the statement.

Such argument did not subvert the rule against the injection into the argument of the purely personal opinion of the prosecutor aside from a discussion of the testimony that the accused is guilty.

No reversible error being shown, the judgment is affirmed.

ROBERTS, Judge (concurring).

Under the particular facts and circumstances involved in this cause, I concur in the result reached. However, I would add

the following admonition—today's opinion should not be taken as an erosion of the rule that prosecutors must not inject their personal opinion of the accused's guilt or innocence, aside from a discussion of the testimony. The present case comes dangerously close to violating that rule. Baldwin v. State, 499 S.W.2d 7 (Tex.Cr.App., 1973).