Raul MARTINEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–85–409–CR.

Court of Appeals of Texas, Houston (14th Dist.).

July 3, 1986.

Rehearing Denied Aug. 28, 1986.

T. Donald Moran, Peter W. Lewis, Houston, for appellant.

John B. Holmes, Jr., Roe Morris, Patrick Shelton, Houston, for appellee.

Before PAUL PRESSLER, SEARS and CANNON, JJ.

PAUL PRESSLER, Justice.

This is an appeal from a conviction for burglary of a habitation. We affirm.

On November 9, 1984, complainant arrived at his home for lunch and found the glass and wood had been broken on the french doors of his house. The house was equipped with an ultrasonic intrusion alarm that detects movement. The alarm lights were blinking, indicating that the alarm had been tripped. After an investigation, complainant found that various items, including silver and a television set were missing from the house.

Mary Lee Benham, the complainant's neighbor from across the street, testified that she heard the complainant's alarm at lunch time on November 9. She immediately looked out her dining room window and saw two Mexican-American males driving away in a silver/green, very rusty, medium to large oldsmobile. Benham went outside and saw another neighbor following the Oldsmobile. She then walked to the complainant's house, saw that the door had been broken, and returned to her home to call the police.

Mary Edda Davis, Mary Benham's daughter, testified that she was upstairs in her mother's house on November 9. She heard the complainant's alarm, immediately walked to the window, and saw two Mexican-American males driving away in a four door, silver/gray, extremely rusty Oldsmobile that had been backed into complainants' driveway. She noted the car's license number and gave it to the police.

Hern Allison, a neighbor of the complainant's testified that he heard the complainant's alarm on November 9. He started toward complainant's house and saw a four door, silver/gray rusty, Oldsmobile being driven away from the house. Allison followed the Oldsmobile in his car. The Oldsmobile, contained two Mexican-American males, was going at a fairly high rate of speed and ran two stop signs and a red light. He noted the license plate as 640AUB and drove beside the Oldsmobile long enough to look fully at the driver.

Allison later identified subject number 2 in a photo layout as the driver of the Oldsmobile. In court, he identified appellant as the driver of the Oldsmobile and as the person he identified in the photo array.

Major Glenn Rose, deputy tax assessor-collector of Harris County, testified that State's Exhibit 2 was a tax registration receipt for 1976 4–door Oldsmobile, Texas license number 640AUB, registered to Veronica Lopez.

Curtis Mills of the Humble Police Department testified that he received Veronica Lopez's name and address as a result of a motor vehicle registration check of Texas license number 640AUB. Mills went to Lopez's address, and as a result of his conversation with a Mexican-American female at that address proceeded to two other locations. He then prepared the photo array from which Hern Allison identified the appellant.

The jury found appellant guilty as charged and assessed punishment at a $5,000 fine and 25 years confinement in the Texas Department of Corrections.

Appellant brings four grounds of error. His first two are based on his assertion that the evidence is insufficient to sustain his conviction.

■ The standard of review in an insufficiency of evidence case is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Wilson v. State*, 654 S.W.2d 465 (Tex.Crim.App.1983). The evidence in this case on which the jury could have relied shows: 1) the Oldsmobile was backed into complainant's driveway; 2) complainant's house was the last one on the street; 3) the Oldsmobile was seen leaving complainant's driveway immediately after the alarm went off; 4) the Oldsmobile ran two stop signs and a red light; 5) Hern Allison saw appellant driving the Oldsmobile and later identified him; 6) Juan Lopez testified that he bought the Oldsmobile from his sister (Veronica Lopez) and later sold it to appellant; 7) the french door of complainant's house had been bro-

ken; and 8) complainant's house had been burglarized.

While mere presence at the scene of the crime is insufficient to support a conviction for burglary of a habitation, presence considered with the facts we have in this case could be enough to establish guilt. *Thompson v. State*, 563 S.W.2d 247 (Tex.Crim.App.1978); *Robinson v. State*, 570 S.W.2d 906 (Tex.Crim.App.1978). The evidence in this case is circumstantially sufficient to be the basis of a conviction. The first and second grounds of error are overruled.

■ In his third ground of error, appellant argues that the trial court erred in overruling his objection to the State's jury argument.

During final argument, the prosecution made the following statement:

Do you want this defendant, the bottom line, to go home with you today and go down that elevator with you? Is that what you want? Because that is what a not-guilty verdict will do. Do you want him out there cruising in his silver '76 Oldsmobile in your neighborhood tonight? And a not guilty says he can do just that. That is what you have to think about if you are tempted at all to put your name or your mark up here on the not guilty. He goes home with you and he is in your neighborhood

The prosecutor's argument was permissible both as a reasonable deduction from the evidence and as a plea for law enforcement. It is obvious that the prosecutor was speaking of "neighborhoods" in a generic sense. One could properly deduce from the evidence that appellant would be driving his '76 Oldsmobile in neighborhoods if he were declared not guilty. The prosecutor was not arguing that appellant would break into the homes of the jurors. Rather, he was properly requesting that the law be enforced. *Denison v. State*, 651 S.W.2d 754 (Tex.Crim.App.1983). The third ground of error is overruled.

In his fourth ground of error, appellant contends that the trial court erred in overruling appellant's objection to the introduction of State's Exhibit number 2.

At trial, the State introduced into evidence a duplicate tax receipt for a 1976 four door Oldsmobile, Texas license number 640 AUB, registered in the name of Veronica Lopez. Appellant's objection to the introduction of the registration form was overruled.

▮ The trial court properly admitted the tax receipt as an official record pursuant to Tex.Rev.Civ.Stat.Ann. art. 3731a. Before trial, the State's files were open to the appellant. They contained a copy of the registration form. Defense counsel admitted that he had read the file prior to trial. Therefore, the trial court could properly find that appellant had not been unfairly surprised. It is reasonable to assume that the license registration for a vehicle reported as the car at the scene of the offense will be introduced at trial. Unlike the appellant in *Jernigan v. State*, 589 S.W.2d 681 (Tex.Crim.App.1979), appellant here had sufficient notice that the tax receipt would be introduced at trial. Also, the appellant did not ask the trial court for a hearing on unfair surprise and, therefore, was not entitled to one. The fourth ground of error is overruled.

The judgment of the trial court is affirmed.