COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-449-CR

DAMIEN THOMAS THIBOULT APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
------------ 

I.  Introduction

Appellant Damien Thomas Thiboult appeals his conviction by a jury for the offense of aggravated sexual assault of a child under fourteen years of age.  Thiboult raises four points arguing that the trial court improperly denied his motion to suppress evidence, improperly permitted the prosecutor to express his personal opinion during jury argument, improperly admitted a picture of a confederate flag that was displayed on a wall in Thiboult’s residence, and improperly overruled his objection that the prosecutor’s punishment phase argument was outside the record.  We will affirm.

II. 
Factual and Procedural Background

In October or November 2005, R.A., an eleven-year-old child, alleged to Arkansas police that Thiboult had sexually abused R.A. while R.A. was living in Euless, Texas.  (R.A.’s family had recently moved to Arkansas when R.A. came forward.)  Arkansas police tape recorded R.A.’s outcry statement and forwarded a copy of the recording to the Euless police department in December 2005.  

After listening to the tape, Euless police requested a search warrant for Thiboult’s apartment.  A magistrate authorized the search warrant, and the Euless police executed it and discovered several items incriminating Thiboult in the sexual abuse allegations.  

A grand jury indicted Thiboult for the offenses of aggravated sexual assault of a child and indecency with a child by sexual contact.  Thiboult pleaded not guilty to all counts.  A jury, however, found Thiboult guilty of two counts of aggravated sexual assault of a child and one count of indecency with a child by contact.  After a separate punishment hearing, the jury assessed Thiboult’s punishment at sixty, forty, and ten years’ confinement, respectively.  The trial court sentenced Thiboult accordingly and ordered that the sentences run concurrently.  Thiboult now appeals.

III.  Validity of the Search Warrant

In his first point, Thiboult argues that the trial court erred by denying his motion to suppress items seized from his apartment pursuant to the search warrant.  Thibout argues that the search warrant was invalid because the facts supporting the probable cause affidavit were stale.

Whether the facts alleged in a probable cause affidavit sufficiently support a search warrant is determined by examining the totality of the circumstances.  
Illinois v. Gates
, 462 U.S. 213, 238, 103 S. Ct. 2317, 2332 (1983).  The allegations in a probable cause affidavit are sufficient if they would justify a conclusion that the object of the search is probably on the premises.  
Ramos v. State
, 934 S.W.2d 358, 363 (Tex. Crim. App. 1996).  Only the facts found within the four corners of the affidavit may be considered.  
Hankins v. State
, 132 S.W.3d 380, 388 (Tex. Crim. App. 2004).  The magistrate is not required to find proof beyond a reasonable doubt or by a preponderance of the evidence, but must only find a probability that contraband or evidence of the crime will be found in a particular place. 
Gates
, 462 U.S. at 238-39, 103 S. Ct. 2317.  In ascertaining whether a search warrant is based on probable cause, the affidavit is interpreted in a common-sense, realistic manner, and the magistrate is entitled to draw reasonable inferences from the facts contained therein.  
Gibbs v. State
, 819 S.W.2d 821, 830 (Tex. Crim. App.) 
cert. denied
, 502 U.S. 1107 (1992).  
The magistrate's determination of probable cause is given great deference by the reviewing court.  
Swearingen
 
v. State
, 143 S.W.3d 808, 811 (Tex. Crim. App. 2004).

In determining probable cause, however, the magistrate may not rely on information in the probable cause affidavit that is stale.  
See Gonzales v. State
, 761S.W.2d 809, 813 (Tex. App.—Austin 1988, pet. ref’d).  Whether information is stale depends on the nature of the property and the other circumstances of the particular case.  
Arrick v. State
, 107 S.W.3d 710, 717 
(Tex. App.—Austin 2003, pet. ref’d).

There is no set time limit on how old information contained in a probable cause affidavit may be.  
See Moore v. State
, 456 S.W.2d 114 (Tex. Crim. App. 1970).  
Just how long a time may elapse without destroying the basis for a reasonable belief as to the continuance of the situation set forth in the affidavit will vary according to the facts of the individual case.  
Id.
; 
Sanders v. State
, 191 S.W.3d 272, 279 (Tex. App.—Waco 2006, pet. ref’d), 
cert. denied
, 127 S. Ct. 1141 (2007).  The proper method to determine whether the facts supporting a search warrant have become stale is to examine, in light of the type of criminal activity involved, the time elapsing between the occurrence of the events set out in the affidavit and the time the search warrant was issued.  
See Morris v. State
, 62 S.W.3d 817
, 823 (Tex. App.—Waco 2001, no pet.).
 

When the affidavit recites facts indicating activity of a protracted and continuous nature (i.e., a course of conduct), the passage of time between the occurrence of events set out in the affidavit and the time the search warrant was issued becomes less significant.  
Sanders
, 191 S.W.3d at 279; 
Gonzales
, 761 S.W.2d at 813.  For example, i
n 
Sanders
, a probable cause affidavit indicated that the defendant possessed child pornography on his computer and had last shown it to the child victim six months earlier.  191 S.W.3d at 279.  The officer executing the probable cause affidavit had been told one month earlier that the defendant was still in possession of the computer.  
Id
.  Because of the continuing nature of the offense and because child pornography is usually kept and cherished by perpetrators, and evaluating the totality of the circumstances, the appellate court held that the magistrate could reasonably have inferred that the information in the affidavit was not stale and that child pornography would probably be found at Sanders’s apartment at the time the warrant was issued.  
Id
.

Turning to the probable cause affidavit at issue here, it is dated December 2005 and indicates that Thiboult began sexually assaulting R.A. in June 2004 in Euless and continued to sexually assault R.A when he visited R.A. and R.A.’s family after they moved to Arkansas.  The affidavit noted that Thiboult took Polaroid pictures of R.A. naked and with handcuffs on, and that Thiboult stored the pictures in his “bottom dresser drawer.”  The affidavit explained that the assaults had occurred repeatedly for more than one year and detailed several specific instances of sexual abuse over the period beginning in 2004 and continuing through 2005.  The affiant requested and obtained a search warrant to search Thiboult’s apartment for “visual, video, computer, storage media, floppy disks, camera, CD’s[,] handcuffs, audio, or any material depicting any of the following: nudity, obscene material, sexual conduct, or sexual behavior.” 

The type of criminal activity involved here is the type of activity of a protracted and continuous nature that makes the passage of time between the occurrence of the events set out in the affidavit and the time that the search warrant was issued less significant.  
See
 
Sanders
, 191 S.W.3d at 279; 
State v. Stone,
 137 S.W.3d 167, 178 (Tex. App. – Houston [1st Dist.] 2004, pet. ref’d)
; 
Morris
, 62 S.W.3d at 
823
; 
Ramos
, 934 S.W.2d at 362-63;
 
Gonzales
, 761 S.W.2d at 813
.  The affidavit here also stated that, before R.A. moved to Arkansas, Thiboult took pictures of R.A. naked and handcuffed.  The affidavit indicated that Thiboult had destroyed one of the photos of R.A. but was currently in possession of other obscene photos that he had taken of R.A. and set forth the specific location of the photos—Thiboult’s bottom dresser drawer. 

The nature of the property sought in this case—photos and visual depictions of “nudity, obscene material, sexual conduct, sexual behavior, or child pornography”—renders the facts supporting its location less likely to go stale than facts supporting the location of other forms of perishable property, such as drugs.  
See Sanders
, 191 S.W.3d at 279.  Additionally, the magistrate was free to infer that because Thiboult had specifically decided to keep certain pictures of R.A. while destroying others and had selected a secure location for the storage of the pictures of R.A. that he desired to retain (his bottom dresser drawer), these items would probably be found in Thiboult’s apartment.  Examining the totality of the circumstances set forth within the four corners of the probable cause affidavit, and deferring to the magistrate’s issuance of a warrant based on a 
common-sense, realistic interpretation of the affidavit and the reasonable inferences from the facts contained in the affidavit, including the nature of the criminal activity at issue and the type of property to be seized, 
we cannot say that the magistrate erred by issuing the search warrant.  
See Ramos
, 934 S.W.2d at 362-63.

Thiboult nonetheless argues that the case of 
Serrano
 v. State 
is controlling here.  
123 S.W.3d 53, 61 (Tex. App.—Austin 2003, pet. ref’d).  
Serrano
 is distinguishable from the present case on at least two grounds.  First, 
Serrano 
involved a drug offense and a search warrant to seize drugs, property that is of a more perishable and disposable nature than photos specifically selected for retention by a perpetrator of child sexual abuse.  
123 S.W.3d at 60-61. 
 Second, the criminal activity in 
Serrano
 did not involve a continuing course of conduct, but simply possession of drugs.  
Id. 
at 61.  The time element of facts alleged in a probable cause affidavit are of less import here, where the affidavit alleges a criminal activity of a continuing nature and seeks to search for property it alleges that the suspect has specifically decided to retain, than when the affidavit at best alleges possession of a drug by a suspect, as in 
Serrano
.  
See 
Sanders
, 191 S.W.3d at 279; 
Arrick
, 107 S.W.3d at 717; 
Gonzales
, 761 S.W.2d at 813
.
  Accordingly, we overrule Thiboult’s first point.

IV.  Improper Jury Arguments

In points two and four, Thiboult complains that the prosecutor engaged in improper jury argument by making comments expressing her personal opinion during the guilt-innocence phase of the trial and by referring to facts outside the record during the punishment phase of trial. 

To be permissible, the State’s jury argument must fall within one of the following four general areas:  (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) plea for law enforcement. 
 Felder v. State
, 848 S.W.2d 85, 94-95 (Tex. Crim. App.), 
cert. denied
, 510 U.S. 829 (1993); 
Alejandro v. State
, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).

A prosecutor may argue personal opinions concerning issues in the case so long as the opinions are based on evidence in the record and do not constitute unsworn testimony.  
Wolfe v. State
, 917 S.W.2d 270, 280 (Tex. Crim. App. 1996); 
McKay v. State
, 707 S.W.2d 23, 37 (Tex. Crim. App. 1985), 
cert. denied
, 479 U.S. 871 (1986); 
Morrison v. State
, No. 02-05-00443-CR, 2007 WL 614143, at *11 (Tex. App.—Fort Worth Mar. 1, 2007, pet. ref’d) (mem. op) (not designated for publication).

For example, in 
Sikes
, the prosecutor’s statement, “I think old James Sikes is just as guilty as he can be,“ was not an improper injection of the prosecutor’s personal opinion.  
Sikes v. State
, 500 S.W.2d 650, 652 (Tex. Crim. App. 1973).  In that case, the prosecutor made the statement following a summation of the evidence and continued with, “and I’ll tell you why I think that.  I think we have proved that to you beyond a reasonable doubt.”  
Id. 
 Furthermore, after the trial court overruled the objection to the statement, the prosecutor reiterated, “I think the evidence shows it, ladies and gentlemen.”  
Id.  
The court of criminal appeals evaluated the offending statement in the context in which it was made and determined that it was merely a reasonable deduction from the prosecutor’s analysis of the evidence.  
Id.
  Similarly, our court has held that the statement, “The defendant in this case is guilty of the offense as charged,” was an opinion based on a reasonable deduction from the evidence and was, therefore, allowable when given in the context of a presentation of evidence.  
Morrison
, 2007 WL 614143, at *11.

In this case, Thiboult complains that the trial court should have recognized that the prosecutor’s statement, “Damien Thiboult is guilty beyond a reasonable doubt of [c]ounts 1, 2, and 5 in this indictment,” was an injection of the prosecutor’s personal opinion into closing arguments.  Thiboult’s argument, however, fails to account for the context in which the prosecutor made the statement.  
See Wolfe
, 917 S.W.2d at 280.  The prosecutor opened her argument with the complained-of statement, but after the trial court overruled Thiboult’s objection, the prosecutor continued, “He’s guilty and the evidence has shown that . . . .”  The prosecutor then proceeded to address the elements of the charges and to connect the evidence heard by the jury to each of the elements. 

Much like the prosecutors’ statements in 
Sikes
 and 
Morrison
, this statement, even though it expressed a personal opinion, was given in the context of an analysis of the evidence.  
See
 
Sikes
, 500 S.W.2d at 652; 
Morrison
, 2007 WL 614143, at *11.  Therefore, the statement was an acceptable deduction from the evidence, and the trial court did not err by allowing it.  
See Wolfe
, 917 S.W.2d at 280; 
Felder
, 848 S.W.2d at 94-95.  Accordingly, we overrule Thiboult’s second point.

In his fourth point, Thiboult complains of a statement by the prosecutor during the punishment phase of trial in which the prosecutor said, 

You give him probation, you could walk out of the courtroom with him

 . . . .

Get on the elevator with him; you can follow him home. 

Specifically, Thiboult alleges that this statement was outside the record and that the trial court should have excluded it upon his objection. 

The appellate courts of this state have traditionally held that the general statement that a defendant given probation could ride down the elevator with members of the jury is a proper plea for law enforcement.  
See Huseman v. State
, 96 S.W.3d 368, 376-77 (Tex. App.—Amarillo 2002, pet. ref’d) (holding that the prosecutor’s statement that if the jury gave the defendant probation, “he can ride the elevator down with you” was a proper plea for law enforcement); 
Martinez v. State
, 715 S.W.2d 725, 727 (Tex. App.—Houston [14th Dist.] 1986, pet. ref’d) (holding that the statement, “Do you want this defendant . . . to go home with you today and go down that elevator with you? . . . Do you want him out there cruising . . . in your neighborhood tonight?” was a proper plea for law enforcement); 
see also Diaz v. State
, No. 14-00-01217-CR, 2002 WL 31398949, at *4 (Tex. App.—Houston [14th Dist.] Oct. 24, 2002, pet ref’d) (mem. op.) (not designated for publication); 
Sabogal v. State
, No. 11-99-00247-CR, 2000 WL 34235183, at *2 (Tex. App.—Eastland July 27, 2000, no pet.) (mem. op.) (not designated for publication).

In this case, the prosecutor stated during closing arguments of the punishment phase of trial, 

I ask for justice.  Because justice delayed is justice denied.  And that’s exactly what probation is, delaying justice for this family.  You give him probation, you could walk out of the courtroom with him.

. . . .

Get on the elevator with him; you can follow him home.

. . . .

Because that’s what probation is. 

Given this context, the prosecutor’s statement was made as part of an argument that justice would be better served if the jury sent Thiboult to the penitentiary instead of giving him probation.  Therefore, this was not an argument outside the record but rather was a proper plea for law enforcement.  
See Huseman
, 96 S.W.3d at 376-77; 
Martinez
, 715 S.W.2d at 727.  The trial court did not err by overruling Thiboult’s objection that such a statement was outside the record.  
See Felder
, 848 S.W.2d at 94-95.  Accordingly, we overrule Thiboult’s fourth point.

V.  Admission of Improper Evidence

Thiboult’s third point alleges that the trial court erred by admitting into evidence during the punishment phase of trial a picture of a confederate flag hanging on a wall in Thiboult’s apartment.  Thiboult argues that the picture was irrelevant and prejudicial.
(footnote: 2)  

Rulings on relevance should be left largely to the trial court, relying on its own observations and experience, and the appellate court will not reverse the trial court’s decision absent an abuse of discretion.  
Moreno v. State
, 858 S.W.2d 453, 463 (Tex. Crim. App.), 
cert. denied
, 510 U.S. 966 (1993); 
Jones v. State
, 119 S.W.3d 412, 415 (Tex. App.—Fort Worth 2003, no pet.); 
Mayfield v. State
, Nos. 02-05-00386-CR, 02-05-00387-CR, 2007 WL 938697, at *5 (Tex. App.—Fort Worth Mar. 29, 2007, pet. ref’d) (mem. op.) (not designated for publication).

Appellate courts should give great discretion to the trial courts in matters of relevancy, reversing only if the trial court acts outside the zone of reasonable disagreement.  
Montgomery v. State
, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh’g); 
Mayfield
, 2007 WL 938697, at *5.  Moreover, an appellate court will sustain a trial court’s decision regarding admissibility of evidence if the evidence is admissible on any theory of law applicable to the case, even when the trial court’s underlying reason for the decision is wrong.  
Romero v. State
, 800 S.W.2d 539, 543-44 (Tex. Crim. App. 1990); 
Mayfield
, 2007 WL 938697, at *5.

Article 37.07, section 3(a)(1) of the code of criminal procedure governs the admissibility of evidence during the punishment stage of a non-capital criminal trial.  
McGee v. State
, 233 S.W.3d 315, 318 (Tex. Crim. App. 2007).  That statute provides that “evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing . . . .“ 
Tex. Code Crim. Proc. Ann.
 art. 37.07, § 3(a)(1) (Vernon Supp. 2007).  Evidence is relevant to sentencing within the meaning of the statute if the evidence is “helpful to the jury in determining the appropriate sentence for a particular defendant in a particular case.”  
Rodriguez v. State
, 203 S.W.3d 837, 842 (Tex. Crim. App. 2006).

In this case, the jury found Thiboult guilty of a sexual assault.  There was no evidence or testimony even hinting that Thiboult’s crime was racially motivated or that Thiboult’s views on race at all influenced his decision to sexually assault R.A.  Given the circumstances of this case and of the offender, we cannot say that a picture of a confederate flag hanging on a wall in Thiboult’s apartment was relevant to the task before the jury, determining Thiboult’s punishment for a non-racially-motivated sexual assault.  
But cf. Jaynes v. State
, 216 S.W.3d 839, 845-46 (Tex. App.—Corpus Christi 2006, no pet.)
 
(holding that evidence during the punishment phase of a swastika and other symbols commonly associated with racism tattooed on the defendant was relevant in a trial of a racially motivated crime); 
Tibbs v. State
, 125 S.W.3d 84, 86 (Tex. App.—Houston [14th Dist.] 2003, pet. ref’d) 
(same).

Having found error, we must conduct a harm analysis to determine whether the error calls for reversal of the judgment.  
Tex. R. App. P.
 44.2.  If the error is constitutional, we apply rule 44.2(a) and reverse unless we determine beyond a reasonable doubt that the error did not contribute to appellant’s conviction or punishment.  
Tex. R. App. P.
 44.2(a).  Otherwise, we apply rule 44.2(b) and disregard the error if it did not affect appellant’s substantial rights.  
Tex. R. App. P.
 44.2(b); 
see Mosley v. State,
 983 S.W.2d 249, 259 (Tex. Crim. App.) (op. on reh’g), 
cert. denied
, 526 U.S. 1070 (1999); 
Coggeshall v. State
, 961 S.W.2d 639, 642-43 (Tex. App.—Fort Worth 1998, pet. ref’d).  Admitting a  picture depicting the confederate flag in this case was a non-constitutional error 
and therefore subject to a harm analysis under rule 44.2(b)
.  
See 
Tex. R. App. P.
 44.2(b
);
 Come v. State
, 82 S.W.3d 486 (Tex. App.—Austin 2002, no pet.).

A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury’s verdict.  
King v. State
, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing 
Kotteakos v. United States
, 328 U.S. 750, 776, 66 S. Ct. 1239, 1253 (1946)); 
Coggeshall,
 961 S.W.2d at 643.  In making this determination, we review the record as a whole. 
 See Johnson v. State
, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). 

In this case, the jury heard testimony at the punishment stage from a detective who testified that six years before R.A.’s outcry, a nine-year-old child had accused Thiboult of sexual assault.  That child, who was sixteen years old at the time of Thiboult’s trial, testified that when she was nine years old, Thiboult had lain by her on the bed in Thiboult’s bedroom, where she was watching cartoons, and begun rubbing her stomach when a cousin walked in on them.  A detective also testified about a photo album found at Thiboult’s residence containing photos of multiple shirtless young boys.  R.A.’s mother additionally testified to the change in R.A.’s behavior and performance in school since the assaults.  

The jury then heard about another incident in late 2000 where a police officer arrested Thiboult (on traffic violations) with two young boys in his car and, upon searching the car, discovered several pictures of Thiboult in his underwear holding children in their underwear and individual pictures of children in their underwear.  The officer also discovered handcuffs and binoculars. 

Finally, one of the boys who was in the car when Thiboult was arrested in 2000 (he was eighteen years old at the time of trial) testified about his and his brother’s interactions with Thiboult (his brother was the other child in the car at the time of the 2000 incident, but had since committed suicide).  The eighteen-year-old testified that he had traveled from Missouri of his own will upon hearing about the trial to tell the jury about how Thiboult had sexually molested both him and his brother.  He gave explicit and detailed testimony about Thiboult’s molestation of him when he was eleven, and of his brother when his brother was nine. 

When the picture of the confederate flag was admitted, it was part of a larger photo album containing pictures of children.  The prosecutor never pointed out the picture of the flag, but rather stated, “[W]ithout going through every picture in here, I just want to ask you [the investigating detective] some questions.  Are there some pictures of boys depicted without shirts here?”  The prosecutor then elicited testimony solely about the pictures of the children before passing the witness.  Additionally, in her closing arguments to the jury, the prosecutor never mentioned the confederate flag picture or any other pictures, whatsoever.  Rather, the prosecutor solely focused on the testimony discussed above to urge that justice required imposition of a life sentence.

We conclude that, in the context of the entire case against Thiboult, the trial court’s error in allowing the picture of the confederate flag into evidence did not have a substantial or injurious effect on the jury’s verdict and did not affect Thiboult’s substantial rights.  
See King
, 953 S.W.2d at 271.  Thus, we disregard the error.  
See 
Tex. R. App. P.
 44.2(b).  Accordingly, we overrule Thiboult’s third point.

IV.  Conclusion

Having overruled Thiboult’s four points, we affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL B: LIVINGSTON, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: January 3, 2008

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The State contends that Thiboult failed to object at trial that the photo was prejudicial.  But because we hold that the trial court erred by admitting the photo over Thiboult’s relevancy objection, we need not address the State’s contention that Thiboult did not preserve his complaint concerning the prejudicial nature of the photo.